UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUZ MARIA QUIROZ,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION<br><br>　　　　　　　Defendant. | Case No. 2:13-cv-01288-APG-GWF<br><br>**ORDER SETTING ASIDE DEFAULT**<br><br>(Def.'s Motion to Set Aside Default; dkt. no. 4) |

## I.  SUMMARY

Before the Court is Defendant U.S. Bank National Association's ("US Bank") Motion to Set Aside Default. (Dkt. no. 4.) The Court also has considered Plaintiff's Opposition (dkt. no. 11) and Defendant's Reply. (Dkt. no. 12.) For the reasons discussed below, the Motion is granted.

## II.  BACKGROUND

The facts are not readily ascertainable from Plaintiff's form Complaint.[1]  However, Plaintiff's claims presumably arise out of the foreclosure on Plaintiff's real property located at 5025 Stormy Circle, Las Vegas, Nevada 89119 (the "Property").

---

[1] The same complaint, or some form of it, has appeared in several cases in the District. *See, e.g., Beebe v. Fed. Nat'l Mort. Assoc.*, No. 2:13-cv-311-JCM-GWF; *Burd v. Countrywide Sec.*, No. 2:13-cv-338-MMD-VCF; *Burd v. J.P. Morgan Chase*, No. 2:13-cv-337-JCM-PAL; *Duenas v. Bank of Am.*, No. 2:13-cv-354-GMN-GWF; *Salinas v. Fed. Nat'l Mort. Assoc.*, No. 2:13-cv-407-JCM-GWF; *Gonzalez v. Bank of New York Mellon*, No. 2:13-cv-306-GMN-CWH; *Santivanes v. Bank of New York Mellon*, No. 2:13-cv-00299-JCM-GWF; *Gamboa v. Goldman, Sachs & Co., et al.*, No. 2:13-cv-00282-GMN-CWH; *Prince v. Loop Capital Markets, LLC*, 2:13-cv-00429-MMD-GWF.

Plaintiff brought suit on May 21, 2013 in the Eighth Judicial District Court of Nevada. Plaintiff's Complaint does not list any causes of action, but avers that "[j]urisidiction arises under Nevada and Federal statutes for intentional misrepresentation and negligent misrepresentation." The Complaint's main focus is that the ownership interest in Plaintiff's mortgage was forfeited due to the securitization of Plaintiff's mortgage. Plaintiff seeks reconveyance of the Property, $165,000.00, and legal fees.

US Bank did not file an Answer within the permitted time and the state court clerk entered default against it. Shortly thereafter, US Bank removed the case to federal court. US Bank now moves to set aside default. Now represented by counsel, Plaintiff's opposition contends that this Court must apply Nevada law governing the setting aside of default, and US Bank has not satisfied that standard.

## III. DISCUSSION

Although default was entered in state court, the Federal Rules of Civil Procedure govern the setting aside of a default subsequent to removal. *See Butner v. Neustadter*, 324 F.2d 783, 785-86 (9th Cir. 1963). "Prior to a default judgment being entered, a default under Rule 55(a) can be set aside by the district court for 'good cause.'" *Aristocrat Tech., Inc. v. High Impact Design & Entm't*, 642 F. Supp. 2d 1228, 1232 (D. Nev. 2009) (citing Fed. R. Civ. P. 55(c)). The Court's discretion is especially broad when an entry of default, as opposed to a default judgment, is being set aside. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Id.* (quoting *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). "[T]he district court should consider whether: (1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and, (3) the defendant's culpable conduct led to the default." *Id.* (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)).

The Court finds that default against US Bank should be set aside. First, given the policy favoring judgment on the merits, Plaintiff would not be prejudiced at this early stage of the

litigation by the setting aside of the default. Second, given the scant facts alleged in the complaint, US Bank has meritorious arguments, as set forth in US Bank's proposed motion to dismiss. Last, US Bank's minor delay resulted from reassigning the case to outside counsel, and the delay was not dilatory. For these reasons, the case should proceed on its merits.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant U.S. Bank's Motion to Set Aside Default is GRANTED.

IT IS FURTHER ORDERED that Defendant U.S. Bank shall file its answer or other appropriate motion within twenty (20) days of this order.

DATED THIS 23rd day of September 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE